MEMORANDUM *
Tricor America, Inc. (“Tricor”) appeals from the grant of summary judgment in favor of Illinois Union Insurance Company (“Illinois Union”). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
Illinois Union denied Tricor’s claim for coverage under the Business and Management Indemnity Policy (the “Policy”) it issued Tricor. In the underlying lawsuit, Tricor’s employees, a putative class of courier drivers, sued Tricor for labor law violations. The district court properly concluded as a matter of law that the Policy did not provide coverage for the underlying action.
Because the courier drivers named only Tricor, the only coverage available was pursuant to subsection A.3. of the Policy. That subsection excludes any claim “involving any employment or employment-related matters brought by or on behalf of ... an applicant for employment with the Company or any of the Directors and Officers.” Endorsement Number 1, § 2.a.c. The term “Directors and Officers” is defined in subsection B.4. and, properly construed, includes all past, present, and future employees of Tricor.
*227 Trieor disputes the district court’s reading, claiming, first, that because the three “Directors and Officers” subdefinitions are linked with the word “and,” they should be read in the conjunctive. This reading leads to absurd results, however, including no coverage for outside directors and the requirement that all “duly-elected directors and officers” must simultaneously serve in positions “the functional equivalent of directors and officers” of a foreign Trieor subsidiary. Therefore, we agree with the district court that the word “and” must be read as “or” to effectuate the mutual intent of the parties. See Universal Sales Corp. v. Cal. Press Mfg. Co., 20 Cal.2d 751, 775-76, 128 P.2d 665 (1942) (“[TJhere is almost an unanimity of holding to the effect that the terms ‘and’ and ‘or’ may be construed as interchangeable when necessary to effect the apparent meaning of the parties.”).
Second, Trieor seeks to limit the exclusion to only lawsuits brought by an “applicant for employment with Trieor.” This construction would also lead to absurd results because Endorsement Number 1 is plainly intended broadly to exclude coverage for any lawsuits “alleging, based upon, arising out of, attributable to, directly or indirectly resulting from, in consequence of, or in any way involving” employment-related matters, and the number of and exposure to such lawsuits is likely to be greater from past, future, and current employees as opposed to mere applicants. Finally, we note that the provision’s specific exclusion of suits brought by applicants for employment, in addition to those brought by Directors and Officers, was necessary to effectuate the complete exclusion of all employment-related lawsuits because rejected applicants for Trieor employment do not fall within the definition of Directors and Officers in subsection B.4.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.